**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS JAMES CLAUSO, : | Civil Action No. 09-5306 (CCC) |
| Plaintiff, : | |
| v. : | **MEMORANDUM OPINION AND ORDER** |
| MR. GLOVER et al., : | |
| Defendants. : | |

IT APPEARING THAT:

1.  On October 19, 2010, Plaintiff, a state prisoner who at that time was proceeding pro se, filed a § 1983 civil suit challenging his conditions of confinement. See Docket Entry No. 1. Plaintiff's civil complaint to that effect was filed along with Plaintiff's filing fee. See Docket Entry No. 2. These submissions, therefore, gave rise to the instant matter, which was reassigned to the undersigned on June 30, 2011. See Docket Entry No. 44.

2.  While this action was pending, Plaintiff -- still proceeding pro se -- filed an application ("Petition") titled "Petition for the Great Writ of Habeas Corpus [§] 2254." See Docket Entry No. 56. That filing was executed on March 15, 2012. See id. Eleven days later, on March 25, 2012, Plaintiff retained legal counsel who entered an appearance on the docket. See Docket Entry No. 54.

3. The Petition seemingly challenges either Plaintiff's currently served sentence or a sentence Plaintiff expects to be imposed in another, still pending, criminal matter prosecuted in state court. <u>See</u>, <u>generally</u>, Docket Entry No. 56.

4. To the degree Plaintiff wishes to seek habeas relief, he may not do so by way of the instant civil proceeding. Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. <u>See</u> <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement [fall within the realm of] a § 1983 action."[1] <u>Id.</u> The Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights

---

[1] In a series of cases beginning with <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973), the Supreme Court analyzed the intersection of civil rights and habeas corpus. In <u>Preiser</u>, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate or speedier release. <u>See</u> <u>id.</u> at 476. The prisoners did not seek compensatory damages for the loss of their credits. <u>See</u> <u>id.</u> at 494. Assessing the prisoners' challenge, the Supreme Court held that a prisoner must bring a suit for equitable relief that, effectively, challenges "the fact or duration of confinement" as a habeas corpus petition. <u>See</u> <u>id.</u> at 500.

relief and the availability of habeas relief as follows: "[W]henever the challenge ultimately attacks the 'core of habeas' - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Therefore, in the event Plaintiff wishes to challenge the validity of his confinement (be it in connection with the currently served or anticipated criminal sentence), he can do so only by filing a proper habeas petition. Out of an abundance of caution, the Court will direct the Clerk to commence a new and separate habeas matter for Plaintiff in order to allow Plaintiff an opportunity to litigate his habeas challenges, if any.[2]

5. "Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a petition to "specify all the grounds for relief," "state the facts supporting each

---

[2] The Court reminds Plaintiff that he would be required to submit either his filing fee of $5.00 or his in forma pauperis application for the purposes of litigating that new habeas case.

ground,""state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c). Here, the Petition is illegible, does not clearly state the facts on which Plaintiff relies, and is unclear with regard to the relief requested. In sum, the Court cannot determine with a measurable degree of certainty the facts and nature of Plaintiff's habeas challenges. Therefore, the Petition will be dismissed without prejudice, and Plaintiff will be allowed an opportunity to submit an amended habeas pleading that complies with the requirements of Habeas Rule 2(c). The Clerk will be directed to provide Plaintiff with a blank habeas petition form and a blank <u>in forma pauperis</u> application for incarcerated individuals seeking to initiate a habeas action.

6. In addition, to the degree Plaintiff's Petition can be construed as a challenge to certain state proceedings by means of a civil complaint, such claims cannot be brought in the instant action, which has been dedicated, since 2009, to Plaintiff's challenges to his conditions of confinement.

7. Rule 20(a)(2) of the Federal Rules of Civil Procedure limits the joinder of defendants and Rule 18(a) governs the joinder of claims. <u>See</u> Fed. R. Civ. P. 18(a), 20(a)(2). Rule 20(a)(2) provides: "Persons . . . may be joined in one

4

action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A) and (B). Rule 18 (a) provides : "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Wright & Miller's treatise on federal civil procedure explains that, where multiple defendants are named, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all . . .

Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil 3d §1655; see also United States v. Mississippi, 380 U.S. 128, 143 (1965) (where county registrars were alleged to be carrying on

activities which were part of a series of transactions or occurrences, the validity of which depended upon questions of law or fact common to all of them, joinder of registrars in one suit as defendants was proper under Rule 20(a)); Ross v. Meagan, 638 F. 2d 646, 650 n.5 (3d Cir. 1981), overruled on other grounds by, Neitzke v. Williams, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied). Consequently, a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact. See Fed. R. Civ. P. 20(a)(2). As the United States Court of Appeals for the Seventh Circuit once explained, a prisoner may not join, in one case, all defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)
> . . .

> A buckshot complaint that would be rejected if filed
> by a free person - say, a suit complaining that A
> defrauded the plaintiff, B defamed him, C punched him,
> D failed to pay a debt, and E infringed his copyright,
> all in different transactions - should be rejected if
> filed by a prisoner.

George v. Smith, 507 F. 3d 605, 607 (7th Cir. 2007). Here, Plaintiff's Petition indicates that Plaintiff's challenges to a particular criminal proceeding are transactionally unrelated to the condition of confinement challenges underlying the instant matter and, in addition, involve persons other than Defendants in this action. In the event Plaintiff wishes to prosecute a separate Section 1983 civil challenge related to that criminal proceeding, Plaintiff must do so by submitting a new and separate civil complaint accompanied by his filing fee of $350 (or by a duly executed in forma pauperis application). In order to enable Plaintiff to pursue this course of action, the Court will direct the Clerk to commence a new Section 1983 proceeding for Plaintiff and to provide him with a blank civil complaint form and a blank in forma pauperis application for incarcerated individuals seeking to initiate a civil action.

IT IS, therefore, on this 26 day of June, 2012,

ORDERED that Plaintiff's application, Docket Entry No. 56, is construed as either Plaintiff's habeas petition, executed pursuant to Section 2254, or as a distinct and separate civil complaint; and it is further

7

ORDERED that Plaintiff's application, Docket Entry No. 56, is dismissed as improperly docketed in this matter. Such dismissal is without prejudice to Plaintiff's prosecution of his habeas or civil challenges raised in Plaintiff's application, Docket Entry No. 56; and it is further

ORDERED that the Clerk shall open a new and separate habeas matter for Plaintiff, designated "Cause: 28:2254 Petition for Writ of Habeas Corpus (state)" and "Nature of Suit: 530 Habeas Corpus (General)"; and it is further

ORDERED that, in this new and separate habeas matter, the Clerk shall designate "THOMAS JAMES CLAUSO" as "Petitioner Pro Se"[3] and "WARDEN OF CLAUSO'S PLACE OF CONFINEMENT" as "Respondent"; and it is further

ORDERED that the Clerk shall docket Plaintiff's application (docketed in this matter as Docket Entry No. 56) in that new and separate habeas matter opened for Plaintiff; the Clerk shall designate that docket entry as "PETITION-IMPROPERLY FILED" and as docket entry no. 1; and it is further

ORDERED that the Clerk shall docket this Memorandum Opinion and Order in that new and separate habeas matter opened for

---

[3] Because Plaintiff's counsel in the instant matter did not make appearance at the time Plaintiff's application was submitted, the Court finds it improper to designate Plaintiff's instant counsel as his counsel for the purposes of such habeas proceedings. However, no statement made in this Memorandum Opinion and Order shall be construed as preventing Plaintiff's counsel from representing him in such habeas action.

Plaintiff; the Clerk shall designate that docket entry as "ORDER" and as docket entry no. 2; and it is further

ORDERED that the Clerk shall assign this new and separate habeas matter to the undersigned; and it is further

ORDERED that the aforesaid "PETITION-IMPROPERLY FILED" shall be deemed dismissed, without prejudice, for Plaintiff's failure to comply with the requirements of Habeas Rule 2; and it is further

ORDERED that the Clerk shall administratively terminate this new § 2254 matter opened for Plaintiff by making a separate entry on the docket of that new habeas matter stating "CIVIL CASE ADMINISTRATIVELY TERMINATED"; and it is further

ORDERED that, in the event Plaintiff wishes to prosecute that new habeas matter, Plaintiff shall file an amended petition in that action (complying with the requirements of Habeas Rule 2), along with either a filing fee of $5.00 or with Plaintiff's duly executed in forma pauperis application. Plaintiff's submissions to that effect shall be executed within thirty days from the date of entry of this Memorandum Opinion and Order. In the event Plaintiff duly makes such submissions, the Court will direct the Clerk to reopen the new § 2254 matter opened for Plaintiff;[4] and it is further

---

[4] No statement made in this Memorandum Opinion and Order shall be construed as expressing this Court's position as to the substantive or procedural validity or invalidity of Plaintiff's

ORDERED that, in addition to the foregoing, the Clerk shall open a new and separate civil matter for Plaintiff, designated "Cause: 42:1983 Prisoner Civil Rights" and "Nature of Suit: 550 Prisoner: CIVIL RIGHTS"; and it is further

ORDERED that, in that new and separate civil matter, the Clerk shall designate "THOMAS JAMES CLAUSO" as "Plaintiff Pro Se"[5] and "PARTICIPANTS IN CLAUSO'S STATE PROCEEDING" as "Defendants"; and it is further

ORDERED that the Clerk shall docket Plaintiff's application (docketed in this matter as Docket Entry No. 56) in that new and separate civil matter opened for Plaintiff; the Clerk shall designate that docket entry as "COMPLAINT-CHALLENGES TO CONVICTION" and as docket entry no. 1; and it is further

ORDERED that the Clerk shall docket this Memorandum Opinion and Order in that new and separate civil matter opened for Plaintiff; the Clerk shall designate that docket entry as "ORDER" and as docket entry no. 2; and it is further

---

amended habeas petition, if filed.

[5] Again, because Plaintiff's counsel in the instant matter did not make an appearance at the time Plaintiff's application was submitted, the Court finds it improper to designate Plaintiff's instant counsel as his counsel for the purposes of the new civil proceeding. However, no statement made in this Memorandum Opinion and Order shall be construed as preventing Plaintiff's counsel from representing him in the new civil action.

ORDERED that the Clerk shall assign this new and separate civil matter to the undersigned; and it is further

ORDERED that the aforesaid "COMPLAINT-CHALLENGES TO CONVICTION" shall be deemed dismissed, without prejudice; and it is further

ORDERED that the Clerk shall administratively terminate this new § 1983 matter opened for Plaintiff by making a separate entry on the docket of the new civil matter stating "CIVIL CASE ADMINISTRATIVELY TERMINATED"; and it is further

ORDERED that, in the event Plaintiff wishes to prosecute that new civil matter, Plaintiff shall file an amended complaint in that action (stating Plaintiff's claims clearly and concisely), along with either a filing fee of $350.00 or Plaintiff's duly executed in forma pauperis application. Plaintiff's submissions to that effect shall be executed within thirty days from the date of entry of this Memorandum Opinion and Order. In the event Petitioner duly makes such submissions, the Court will direct the Clerk to reopen the new § 1983 matter opened for Plaintiff;[6] and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff's counsel (who has entered an appearance

---

[6] No statement made in this Memorandum Opinion and Order shall be construed as expressing this Court's position as to the substantive or procedural validity or invalidity of Plaintiff's amended civil complaint, if filed in the new civil matter.

11

in this matter) by means of electronic delivery and, in addition, upon Plaintiff himself (such service shall be executed by regular U.S. mail and directed to the address utilized by Plaintiff during the period when Plaintiff was proceeding pro se, see Docket Entry No. 56, at 5, providing such address). The Clerk shall include in such hard-copy mailing: (a) a copy of the docket sheet created in the new and separate § 2254 matter opened for Plaintiff, (b) a copy of the docket sheet created in the new and separate § 1983 matter opened for Plaintiff, (c) a blank Section 2254 habeas petition; (d) a blank civil complaint for incarcerated individuals; (e) an in forma pauperis application form for incarcerated individuals seeking habeas relief, and (f) an in forma pauperis application form for incarcerated individuals seeking to commence a civil action; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Defendants in this matter by means of electronic delivery. No action by Defendants is required at this juncture with regard to the new and separate § 2254 matter opened for Plaintiff or the new and separate § 1983 matter opened for Plaintiff.

_____
**Claire C. Cecchi**
**United States District Judge**